**STATE FARM FIRE AND CASUALTY CO., Plaintiff**

v.

**Eileen D. KEENAN, et. al., Defendants.**

No. 96–CV–1763.

United States District Court,
E.D. Pennsylvania.

Feb. 5, 1997.

104

Teresa Ficken Sachs, Britt, Hankins, Schaible & Moughan, Philadelphia, PA, for Plaintiff.

Michael S. Fettner, Lyman & Ash, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

### INTRODUCTION

Plaintiff State Farm Fire and Casualty Company ("State Farm") brought this declaratory judgment action pursuant to 28 U.S.C. § 2201 (West 1994), in order to determine its liability with respect to an accident involving a car which it had insured. State Farm now moves for summary judgment pursuant to Fed.R.Civ.P. 56(c), claiming that the insurance policy's coverage expressly excluded Frank Paul Mancuso ("Mancuso"), the person who was driving the vehicle at the time of the accident. State Farm argues that this exclusion warrants the entry of summary judgment in its favor. We agree with plaintiff's contention and accordingly, we grant summary judgment.

### BACKGROUND

On August 23, 1995, Defendants William J. Brooks ("Brooks") and Frank Paul Mancuso ("Mancuso") were in an automobile accident in which Defendant Brooks was injured. Mancuso was driving a car insured by State Farm and leased by Mancuso's wife, Defendant Eileen D. Keenan ("Keenan"), from Defendant Ford Motor Credit Company ("FMCC"). State Farm denied coverage for the accident because Keenan had previously executed a named driver exclusion endorsement. This endorsement expressly excluded any accident which occurred while Mancuso

was driving from the policy's coverage.[1] State Farm then initiated this declaratory judgment action against all four defendants but Defendant Brooks is the only defendant that has opposed the summary judgment motion.[2]

Defendant Brooks makes two primary arguments in opposition to the motion for summary judgment. First, Brooks argues that the validity of the State Farm policy exclusion should be judged in accordance with New Jersey law. Second, Brooks claims that even if Pennsylvania law governs, the driver exclusion does not bar his recovery since State Farm was not in compliance with Pennsylvania statutory law when it excluded Mancuso from coverage.

We disagree with defendant's contentions and find that State Farm properly excluded Mancuso from the scope of Keenan's policy. We further find that State Farm is not liable for any losses incurred as a result of the accident. Accordingly, we have granted plaintiff's motion for summary judgment.

## DISCUSSION

### I. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) authorizes the court to grant summary judgment if there is no genuine material issue of fact. In deciding the motion, the court is constrained to draw all reasonable inferences in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.1985). If a reasonable jury could find in favor of the non-moving party, summary judgment will not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Rather, the summary judgment standard requires the moving party to show that the case is so one-sided that it should prevail as a matter of law. *Id.* at 252, 106 S.Ct. at 2512. Nevertheless, the non-moving party must raise more than a scintilla of evidence in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1989). Further, the non-moving party cannot survive a summary judgment motion by relying on unsupported assertions. *Id.*

### II. Choice of Law

In resolving choice of law questions, a district court must apply the law of the state in which it is located. *Shuder v. McDonald's Corp.*, 859 F.2d 266, 269 (3d Cir.1988). Under Pennsylvania's choice of law rules, the court must use interest analysis, *see Melville v. American Home Assurance* 584 F.2d 1306, 1311 (3d Cir.1978); *Compagnie des Bauxites v. Argonaut–Midwest Ins.*, 880 F.2d 685, 689 n. 9 (3d Cir.1989), (interest analysis applies to contract actions), and apply a two-pronged test. *LeJeune v. E.W. Bliss Co. & General Electric Co.*, 85 F.3d 1069, 1071 (3d Cir.1996). This test requires the court to determine (1) whether there is a "true conflict" or a "false conflict" among the states whose laws may apply, and (2) which state has a greater interest in seeing its laws applied. *Id.* A true conflict occurs when the application of each state's laws furthers its own public policy but yields a different result from that of the other state(s). Conversely, a false conflict occurs when only one state's public policy would be impaired by the court's failure to apply that

---

1. Defendant Brooks has argued that the Frank Paul Mancuso in Keenan's exclusion is not the same person as Frank Mancuso Jr. who was involved in the accident. Nevertheless, in his answer to the complaint, Brooks admitted that the accident involved a Frank Paul Mancuso, thereby admitting that the person involved in the accident is the same person who is mentioned in the exclusion.

Defendant Brooks has also argued that State Farm's reason for excluding Mancuso from coverage involves an erroneous determination that Mancuso was involved in two previous accidents. According to Brooks, one of the police reports of the previous accidents, involved a "Mancusi", not Mancuso. Nevertheless, the police reports of both previous accidents, and the one at issue in this case, show that the individual had the same address and date of birth. The police officer involved in one accident obviously misspelled Mancuso's name. Furthermore, State Farm has alleged that Mancuso was later excluded from the policy because he was previously involved in an accident while driving under the influence of alcohol, a reason that is permissible under Pennsylvania law. *See e.g. Zong v. Ins. Dept.*, 150 Pa.Cmwlth. 66, 614 A.2d 360 (1992).

2. Defendants Keenan and Mancuso have not appeared in this action to date, and Defendant FMCC has indicated that it does not oppose the declaratory judgment action.

state's laws. *Id.* If there is a false conflict, the state whose policy is at stake should have its laws applied. *Id.*

■ Pennsylvania law allows insurance policies to exclude specific persons from a policy's coverage if they are driving the insured motor vehicle when it is involved in an accident, and such an exclusion is referred to as a named driver exclusion. 75 Pa. Cons. Stat Ann. § 1718(c) (West 1996). Nevertheless, New Jersey law is silent on the issue, neither expressly permitting or prohibiting such exclusions. State Farm therefore claims that there is a false conflict and reasons that Pennsylvania's policy may be impaired by the application of New Jersey law, but that New Jersey's policy cannot be impaired by the application of Pennsylvania law; rather, New Jersey's silence is evidence that New Jersey has not made a policy determination on the issue of driver exclusions.

Following State Farm's reasoning, the first prong of the interest analysis test would suggest that Pennsylvania law should be applied. Nevertheless, it is unclear to us that New Jersey's silence can be deemed evidence that New Jersey has not made a policy determination on the issue. Therefore, we shall apply the second prong of the interest analysis test.

Under the second prong of the interest analysis test, this court must determine which state has a greater interest in having its laws applied. State Farm argues that since Pennsylvania is the residence of all the parties both at the time of the accident and when the insurance policy was executed, and is also the state in which the insurance contract was negotiated, its laws should be applied. Defendant Brooks points out that New Jersey is the state in which the accident occurred, and that he regularly travels to New Jersey. He also argues that Mancuso and Keenan may have lived in New Jersey at the time of the accident.

■ We note initially that Brooks has no proof that Keenan and Mancuso may have resided in New Jersey. Indeed, the police reports of the accident list a Pennsylvania address for both of these parties.[3] Furthermore, the location of the accident and the residence of the tortfeasor are not always determinative in interest analysis. *Byard F. Brogan Inc. v. Workmen's Compensation Appeal Board,* 161 Pa.Cmwlth. 453, 637 A.2d 689, 692 (1994). Rather, these contacts are more relevant when determining the law governing the tort involved, not when determining the law that governs the interpretation of the insurance contract. *McCabe v. Prudential Property & Casualty Ins. Co.,* 356 Pa.Super. 223, 514 A.2d 582, 585 (1986). When considering the interpretation of a contract, the law of the state in which the contract was executed often governs, especially if the insured party resided in that state at the time he/she executed the contract and at the time of the accident. *Bumberger v. ADT Co.,* No. CIV.A. 93–3913, 1990 WL 112098 (E.D.Pa. August 3, 1990). Accordingly, we determine that Pennsylvania law should govern the interpretation of the insurance policy.[4]

---

3. Brooks also argues that Keenan may have lived in New Jersey because Keenan's responses to interrogatories in a state court action filed against her by Brooks allegedly state that she lives in New Jersey. Nevertheless, Brooks has not attached Keenan's alleged responses to the interrogatories to his response to the summary judgment motion. Furthermore, it is not clear whether Keenan allegedly stated that she lived in New Jersey at the time she insured the car or at the time of the accident, or whether her response merely indicated that at the time she responded to the interrogatories, she had moved to New Jersey. We do note however, that State Farm has asserted in its complaint that Keenan and Mancuso now reside in New Jersey. Nevertheless, even if Keenan and Mancuso have moved to New Jersey after the accident, Pennsylvania law still governs. *See e.g., Travelers Indemnity Co. v. Fantozzi,* 825 F.Supp. 80, 84 (E.D.Pa.1993)

(place of contract's negotiation and execution governed interpretation of insurance policy even when insured moved to new state before commencing lawsuit.)

4. Brooks argues that New Jersey law requires any insurer authorized to conduct business in New Jersey to include New Jersey's coverage requirements in its policies sold in other states, whenever the insured automobile is operated in New Jersey. *See* N.J. Stat. Ann. § 17:28–1.4 (West 1996). Nevertheless, all the cases Brooks cites as having applied this New Jersey law and refusing to consider the issue a choice of law determination are distinguishable. All these cases either involved situations in which the insured was covered under the insurance policy but the court ruled that the level of the coverage also had to conform to New Jersey's require-

## III. Named Driver Exclusion

Defendant Brooks also argues that the named driver exclusion Keenan executed is invalid, even under Pennsylvania law. First, Brooks argues that State Farm should be estopped from using the driver exclusion as a defense because State Farm's failure to put Mancuso's exclusion on the insurance card amounts to fraud. Second, Brooks argues that the endorsement that excluded Mancuso is ineffective and does not cancel the policy that Keenan previously executed. Third, Brooks argues that he is a third party victim and should receive payment from State Farm even if Mancuso is not covered. Finally, Brooks argues that State Farm is estopped from claiming that it is not liable for Brooks' losses since it is representing Mancuso and Keenan in a state court action.

■ With respect to Brooks' first argument, we note that there is nothing in Pennsylvania law that requires State Farm to put the named driver exclusion on the insurance card. Indeed, Pennsylvania law requires only a few items to appear on the face of an insurance card, none of which include named driver exclusions, 31 Pa.Code § 67.24 (1997). Furthermore, Brooks cannot direct us to any such requirement. In fact, Pennsylvania law requires the name of the insured to appear on the card only if the person is self-insured. *Id.* at § 67.24(b)(4). Clearly, the law could have mandated such a requirement for all insurance cards if that were deemed necessary. Without such a requirement, we cannot say that State Farm's failure to include the driver exclusion on the insurance card amounts to fraud such that State Farm should be estopped from asserting its defense to liability. *See also Aetna Casualty & Surety Co. v. Netz*, No. CIV.A. 91–6944, 1993 WL 89766 (E.D.Pa., March 29, 1993) (estoppel argument only binds the parties to agreement).

In support of his second argument that the endorsement is ineffective, Brooks argues that it is unclear (a) whether Keenan's old policy remained in effect until the accident date, (b) whether the old policy was cancelled and a new policy was issued to include the endorsement, (c) whether Keenan's policy was renewed to include a clause excluding Mancuso as a driver of Keenan's car (d) whether Keenan gave new consideration for the reduced coverage proposed by State Farm, and (e) what was the intent of the contracting parties.

We find that the endorsement clearly states that the old policy is to be cancelled and a new policy issued with the exclusion. Furthermore, the effective date of the new policy, according to the policy's declarations page, is May 20, 1995, well before the accident at issue in this case. In addition, Keenan paid for her new policy and therefore there was consideration. Finally, the intent of the endorsement is clear; it plainly states that the new policy will include the new endorsement and that State Farm has no liability of any kind under any of the policies if the motor vehicle is operated by Mancuso. Therefore, Brooks' arguments fail.

■ Brooks' next argument is that he is a third party victim and therefore he is entitled to coverage. In support of this argument, Brooks cites cases which are either based on New Jersey statutory law or which concern a court's interpretation of a policy's level of coverage so that victims can recover for the full extent of their loss. In this case, there is no policy that covers Mancuso's accidents when he drives Keenan's car so we cannot liberally construe the extent of its coverage.

Finally, we note that State Farm is representing Keenan and Mancuso under a reservation of rights in the state court action and that therefore this fact does not bar State

ments, or the court applied New Jersey law after noting that such an application would not frustrate Pennsylvania's policy. *See e.g Smith v. Firemens Ins.*, 404 Pa.Super. 93, 590 A.2d 24 (1991); *Home Insurance v. McGovern*, 837 F.Supp. 661, 665 (E.D.Pa.1993).

In this case, Mancuso is not covered under Keenan's insurance policy at all and so we are not faced with a situation in which applying New

Jersey law would merely affect the level of coverage. Furthermore, if the application of this New Jersey statute would prohibit driver exclusions, such an application would frustrate Pennsylvania's policy since Pennsylvania explicitly permits the existence of the exclusion at issue in this case. Such an application would thereby remove this case from the parameters of *Smith* and its progeny.

Farm from disclaiming liability in this action. *See e.g. Brugnoli v. United Nat'l Ins. Co.,* 284 Pa.Super. 511, 426 A.2d 164, 167 (1981); *St. Leger v. American Fire and Casualty Ins. Co.,* 870 F.Supp. 641, 643 (E.D.Pa.1994) (letter to insured from insurance company reserving rights allows company to defend insured until it becomes clear that liability is outside the scope of insurance policy's coverage).

## CONCLUSION

Since Keenan executed a named driver exclusion that expressly excluded Mancuso from the scope of her motor vehicle's insurance coverage, State Farm is not liable for losses arising out of an accident occurring while Mancuso was driving. Accordingly, plaintiff's motion for summary judgment is granted. An appropriate Order follows.

### ORDER

AND NOW, this 5th day of February, 1997, upon consideration of Plaintiff's Motion for Summary Judgment, said motion is GRANTED.