**DeBiasi v. Erie Insurance Exchange**

C.P. of Allegheny County, no. AR96-98.

*Scott D. Glassmith,* for plaintiff.
*Richard J. Joyce,* for defendant.

WETTICK, *J.,* April 8, 1997—Summary judgment motions filed by each party are the subject of this opinion and order of court.

In December 1993, plaintiff was involved in an automobile accident while operating a Nissan Pulsar insured by Erie Insurance Exchange under a policy issued to Bernard J. McNally.[1] The policy ran from January 30 to January 30 and was renewed annually.

In this lawsuit, plaintiff sued Erie to recover first-party benefits; she seeks wage losses of $2,384.73 and unpaid medical benefits of $17,204.04.

In April 1991, plaintiff was convicted for driving under the influence of alcohol. Her license was suspended from November 18, 1991 until December 18, 1991.

On October 27, 1992, plaintiff requested Erie to add her as a driver to the policy issued to Mr. McNally. In reviewing this request, Erie learned of plaintiff's April 1991 conviction for driving under the influence of alcohol and the 30-day license suspension. Erie mailed Mr. McNally an exclusion form which stated that Mr. McNally agreed that Erie would not be liable for damages, losses, or claims while an insured vehicle was being operated by plaintiff. The exclusion form provided that this endorsement is effective on the date accepted by Mr. McNally and is part of the policy issued to Mr. McNally. On December 17, 1992, Mr. McNally signed the exclusion form.

---

1. It appears that Ms. DeBiasi was the fiancee of Mr. McNally and a member of his household at the time of the accident.

The automobile renewal declaration and endorsement declaration for Mr. McNally's policy covering January 30, 1993 to January 30, 1994 listed plaintiff as an excluded driver. In February 1993, Mr. McNally telephoned Erie requesting that the Nissan Pulsar which was later involved in the accident be added to his policy. An amended policy was issued adding this vehicle and listing plaintiff as an excluded driver.

Erie bases its motion for summary judgment on the endorsement listing plaintiff as an excluded driver. Plaintiff contends that the endorsement providing that Erie is not liable for claims while she is operating this insured vehicle is inconsistent with Pennsylvania insurance laws.

The provision of the Motor Vehicle Financial Responsibility Act governing "named driver exclusion" is set forth at 75 Pa.C.S. §1718(c). It provides that an insurer or a first named insured may exclude any person from first-party benefits when

"(1) The person is excluded from coverage while operating a motor vehicle in accordance with the Act of June 5, 1968 (P.L. 140, no. 78), relating to the writing, cancellation of or refusal to renew policies of automobile insurance."

Section 3 of the Act of June 5, 1968, P.L. 140, no. 78, 40 P.S. §1008.3, Act 78, governs the cancellation of, refusal to renew, and refusal to write policies of automobile insurance. Subsection 3(a) sets forth 14 reasons for which an insurer may not cancel or refuse to write or renew a policy of automobile insurance. These reasons do not include cancellation or refusal to write or renew based on a license suspension pursuant to a DUI conviction.

It is Erie's position that it could have canceled, refused to write, or refused to renew a policy of insurance

for plaintiff because of plaintiff's DUI conviction and 30-day license suspension. Consequently, it could require Mr. McNally to exclude plaintiff if he wanted to continue to receive insurance coverage through Erie.

Erie also relies on subsections 3(e) and (f) which read as follows:

"(e) No insurer shall cancel or refuse to renew a policy of automobile insurance for two or fewer moving violations . . . during a 24 month period when the operator's record indicates that the named insured presently bears five points or fewer. However, this provision shall not apply under the following conditions: . . .

"(2) The driver's license or motor vehicle registration of the named insured has been suspended or revoked. . . .

"(f) The applicability of subsection (e) to one, other than the named insured, who is either a resident in the same household or who customarily operates an automobile insured under the policy shall be a proper reason for the insurer thereafter excluding such individual from coverage under the policy, but not for cancelling the policy."

I find merit to Erie's arguments. If plaintiff had been the named insured, under subsection 3(e), Erie could have refused to renew her policy. Consequently, under subsection 3(f), plaintiff's DUI conviction and license suspension was a "proper reason for the insurer thereafter excluding such individual from coverage under the policy."

Furthermore, since the legislative scheme authorizes Erie to refuse to write a policy of insurance for plaintiff because of the DUI conviction and the license suspension, Erie should not be required to provide coverage to this same driver through a policy issued to another

person.[2] Erie either has a right to refuse to write a policy of insurance for plaintiff based on her DUI conviction and 30-day license suspension or a duty to furnish insurance to plaintiff even though her license was suspended because of a DUI conviction. The legislature would not have intended to exalt form over substance by having any right to deny coverage depending upon who is applying for the insurance.

Plaintiff agrees that under subsections 3(e) and (f) Erie was entitled to require Mr. McNally in December 1992 to execute the exclusion of named person as a condition for retaining his insurance coverage with Erie. However, plaintiff contends that section 3 is silent as to the period of time for which the other driver whose license has been suspended may be excluded from coverage. According to plaintiff, this issue is governed by section 4 of Act 78 (40 P.S. §1008.4) which reads as follows:

"No insurer shall cancel a policy except for one or more of the following specified reasons: . . .

"(2) *The driver's license* or motor vehicle registration of the named insured *has been under suspension or revocation during the policy period;* the applicability of this reason to one who either is a resident in the same household or who customarily operates an automobile insured under the policy shall be proper reason

---

2. See *Samilo v. Commonwealth of Pennsylvania, Insurance Department,* 98 Pa. Commw. 232, 510 A.2d 412 (1986), where the court upheld the determination of an insurance company not to renew insurance for an insured because he was drinking alcoholic beverages while involved in an accident. The court said that drinking while driving was not one of the specific reasons which may not be used by an insurance company to refuse to renew a policy of auto insurance, and that an insurance company may use any good reason not specifically stated in section 3 of Act 78 to refuse to renew a policy.

for the insurer thereafter excluding such individual from coverage under this policy, but not for canceling the policy." (Emphasis added.)

Plaintiff argues that this provision allows the insurer to cancel the policy or to exclude an individual from coverage under the policy only for the policy period in which the license was under suspension.

I disagree. Where a policy has been canceled under this subsection, an insurer is not obligated to write a new policy for the next policy year. Once a policy has been canceled, the policyholder is in the same position as anyone without insurance. He or she must request the insurance company to issue a new policy and an insurance company may refuse to write the policy for any good reason other than the reasons specified in subsection 3(a). *Samilo v. Commonwealth of Pennsylvania, Insurance Department,* 98 Pa. Commw. 232, 510 A.2d 412 (1986). For the reasons that I previously discussed, a resident in the same household who has been properly excluded from coverage occupies the same position as a policyholder whose insurance has been canceled and who is seeking a new policy of insurance.

Plaintiff's final argument is that the exclusion is ineffective because Erie did not provide plaintiff with the written notice required by section 5 of Act 78 (40 P.S. §1008.5). This section refers only to notices of cancellation and refusals to renew, so it does not apply to the situation where an insurance company is renewing a policy while continuing to exclude an individual whose license had been suspended in a prior policy year.

For these reasons, I enter the following order of court:

## ORDER

On April 8, 1997, it is hereby ordered that defendant's motion for summary judgment is granted, plaintiff's motion for summary judgment is denied, and a judgment is entered dismissing plaintiff's case.