J-A29039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PENNSBURY VILLAGE CONDOMINIUM ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 825 WDA 2019 |
| LAUREN RIZZO | : | |

Appeal from the Order Entered February 12, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-17-001965

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              **FILED JANUARY 2, 2020**

Pennsbury Village Condominium Association (Pennsbury) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) denying its motion for summary judgment in this premises liability action.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Generally, "an order denying summary judgment is [] a non-appealable interlocutory order." **McDonald v. Whitewater Challengers, Inc.**, 116 A.3d 99, 104 (Pa. Super. 2015), *appeal denied*, 130 A.3d 1291 (Pa. 2015) (citation omitted).  However, as outlined below, Pennsbury filed, and this Court granted, a petition for review of this interlocutory appeal; thus this appeal is properly before us.  **See McDonald**, **supra** at 104-05 (reviewing order denying motion for summary judgment where parties requested, and the Court granted, permission to file interlocutory appeal); **see also** Pa.R.A.P. 1311(b).

The trial court agrees that it denied the motion in error. After our own independent review, we reverse.

We take the following pertinent facts and procedural history from our review of the certified record. On February 7, 2017, Lauren Rizzo (Rizzo) filed a complaint alleging that she slipped and fell on ice at Pennsbury's apartment building. After Rizzo filed a series of amended complaints, Pennsbury filed an answer and new matter to which Rizzo replied.

On March 1, 2018, Pennsbury served Rizzo with supplemental interrogatories and a request for production of documents. After Rizzo failed to respond, on August 3, 2018, the trial court granted Pennsbury's motion to compel, ordering Rizzo to provide answers to the discovery requests. After Rizzo still failed to produce the discovery, Pennsbury filed a motion for sanctions that the trial court granted, ordering that Rizzo be precluded from entering any testimony at trial regarding liability or damages if she did not respond to the discovery requests with five days. Rizzo failed to do so.

Pennsbury then filed a motion for summary judgment in which it argued that Rizzo could not sustain her burden of proof because she was precluded from offering liability and damages testimony and evidence at trial. Rizzo did not respond. After argument, the trial court denied the motion for summary judgment. Pennsbury's motion for reconsideration, or alternatively, motion to certify the February 12, 2019 order for permissive appeal, was denied by

operation of law. **See** 42 Pa.C.S. § 702(b), Interlocutory Appeals by Permission.

Pennsbury then filed a petition for review with this Court to consider the appeal that we granted. **See** Pa.R.A.P. 1311(b); (Order, Docket No. 53 WDM 2019). Pennsbury timely appealed the trial court's order denying summary judgment and complied with Rule 1925(b).[2] **See** Pa.R.A.P. 1925(b).

On August 1, 2019, the trial court filed a Rule 1925(a) opinion in which it stated that it erroneously denied the motion for summary judgment under the mistaken belief that, during the earlier stages of the litigation, there may have been documents produced that were admissible at trial without further testimony. **See** Pa.R.A.P. 1925(a); (Trial Court Opinion, 8/01/19, at 2-3). The court now requests that we vacate its order denying summary judgment. (**See id.** at 3). However, before we do so, we must conduct our own independent review of the court and Pennsbury's representation that the motion for summary judgment should have been granted.

"An appellate court applies the same standard for summary judgment as the trial court." **Donegal Mut. Ins. Co. v. Fackler**, 835 A.2d 712, 715 (Pa. Super. 2003), *appeal denied*, 857 A.2d 679 (Pa. 2004) (citation omitted). "Summary judgment is proper when the pleadings, depositions, answers to

---

[2] Rizzo did not file an appellee's brief. **See** Pa.R.A.P. 2185(a)(1) ("The appellee shall serve and file appellee's brief within 30 days after service of appellant's brief and reproduced record.").

interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 716 (citation omitted); *see also* Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Nicolaou v. Martin*, 195 A.3d 880, 891 (Pa. 2018) (citation omitted). "[A] non-moving party may not rely merely upon controverted allegations in the pleadings. Rather, the non-moving party must set forth specific facts by way of affidavit, or by some other way as provided by [the Pennsylvania Rules of Civil Procedure], demonstrating that a genuine issue of material fact exists." *Fackler*, *supra* at 715 (citation omitted).

To establish a claim for premises liability, a plaintiff must establish "(1) a duty recognized by law; (2) a breach of that duty; (3) a causal connection between the breach and the resulting injury; and (4) actual loss or damage to the plaintiff." *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. 2007).

Here, our review confirms that Rizzo failed to comply with either the court's order that she provide discovery or its sanctions order. Therefore, she was precluded from offering any evidence at trial of Pennsbury's alleged liability or her own damages. In fact, she did not even respond to Pennsbury's motion for summary judgment in an attempt to demonstrate that a genuine

issue of material fact exists. **See Fackler**, **supra** at 715. Therefore, as a matter of law, Rizzo is unable to establish all elements of a claim of premises liability. **See Levin**, **supra** at 454.

Accordingly, because there is no genuine issue of material fact to submit to a jury, we agree with the trial court that it should have granted Pennsbury's motion for summary judgment and reverse the trial court's order denying summary judgment.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2020