J-S47015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM EMORY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNIVERSITY FAMILY PRACTICE, AND | : | No. 1189 EDA 2024 |
| LISA SCHAFFER, JOHN DOES (1-5), | : | |
| JOHN DOES UNIVERSITY FAMILY | : | |
| PRACTICE EMPLOYEES | : | |

Appeal from the Order Entered March 18, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 210700362

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JUNE 16, 2025**

William Emory ("Emory") appeals from the order granting the motion *in limine* filed by University Family Practice ("UFP") and Dr. Lisa Schaffer ("Dr. Schaffer") (collectively "Appellees") and granting summary judgment in favor of Appellees in this medical malpractice action. For the reasons discussed below, we are constrained to vacate and remand.

Emory was a long-time patient of UFP. *See* Complaint, 3/15/22, at 4 (unnumbered). In 2019, Emory, who was taking multiple medications, sought treatment for insomnia. *See id*. Dr. Schaffer prescribed Trazodone and directed Emory to take 1-3 pills per use. *See id*. In July 2019, Emory took the full dose of Trazodone and slept; upon waking, he became light-headed

and fainted after standing up. *See id*. Emory fell, breaking his leg in two places. *See id*.

In March 2022, Emory filed the instant malpractice complaint, contending, "[t]he combination of medications prescribed to [Emory] by [Dr.] Schaffer . . . caused a condition where [Emory's] blood pressure dropped dangerously low and caused [him] to fall and suffer injury." *Id*. at 5. After multiple delays and following the close of extensive discovery, Appellees moved for summary judgment in November 2023. *See* Motion for Summary Judgment, 11/3/23, at 1-7 (unnumbered), citing, *inter alia*, Emory's failure to "produce an expert report from a qualified expert [] that Dr. Schaffer's care and treatment of [Emory] breached the applicable standards of care." *Id*. at 3. Appellees argued it is well-established in Pennsylvania law that a plaintiff cannot meet his burden of proof on a medical malpractice claim without expert testimony opining the doctor breached the standards of care. *See id*. at 3-4.

Emory filed a response to the motion acknowledging he did not produce an expert report on the standards of care, but claiming he was not required to do so under a theory of *res ipsa loquitor* because "[Dr.] Schaffer's negligence was so clear and obvious, it was within the comprehension of ordinary laypersons." Response, 12/4/23, at 2 (unnumbered); *see also id*. at 3 (unnumbered). In January 2024, the trial court, without explanation, issued a brief order denying Appellees' motion for summary judgment. *See* Order, 1/30/24, at 1 (unnumbered).

The matter was reassigned to a different judge for trial. Immediately prior to trial, following selection of a jury, Appellees filed a motion *in limine* making the identical argument they previously raised in their motion for summary judgment and asking that Emory be precluded from raising *res ipsa loquitor*. **See** Motion *in Limine*, 2/20/24, at 2-6 (unnumbered). In response, Emory filed a motion asking the trial court to strike Appellees' motion as untimely filed. **See** Motion to Strike, 3/13/24, at 1-3 (unnumbered). The trial court then issued an order granting Appellees' motion *in limine*, and adding to the order in barely legible handwriting, the phrase "Motion for Summary Judgment Granted." **See** Order, 3/18/24, at 1 (unnumbered). The instant appeal followed.[1]

On appeal, Emory raises a single issue for our review:

Should a trial court judge of coordinate jurisdiction overturn a prior trial court judge's order on the grounds that "there has been an intervening change in the controlling law" when in fact there has been no such change in legal authority?

Emory's Brief at 5.

This Court's standard of review requires we reverse a grant of summary judgment only if the trial court commits an error of law or abuses its discretion. **See Truax v. Roulhac**, 126 A.3d 991, 996 (Pa. Super. 2015) (*en banc*). The grant of summary judgment is only appropriate where the record clearly

---

[1] Emory and the trial court complied with Pa.R.A.P. 1925.

demonstrates there are no issues of material fact and the moving party is entitled to judgment as a matter of law. ***See id***. Our scope of review is plenary, and we must examine the entire record. ***See Donegal Mut. Ins. Co. v. Fackler***, 835 A.2d 712, 715 (Pa. Super. 2003). A court must examine the factual record of a case in a light most favorable to the non-moving party. ***See Brown v. City of Oil City***, 294 A.3d 413, 427 (Pa. 2023); ***Bourgeois v. Snow Time, Inc.***, 242 A.3d 637, 652 (Pa. 2020).

Regarding the coordinate jurisdiction rule, our Supreme Court has explained that rule provides:

> judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions. Beyond promoting the goal of judicial economy, the coordinate jurisdiction rule, which we have explained falls within the more general "law of the case" doctrine, serves (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.
>
> Departure from the coordinate jurisdiction rule is allowed only in ***exceptional circumstances*** such as ***where there has been an intervening change in the controlling law***, ***a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed.*** The issue of whether a court's order or decision violates the coordinate jurisdiction rule is a question of law. Thus, our standard of review is *de novo*.

***Ivy Hill Congregation of Jehovah's Witnesses v. Department of Human Services***, 310 A.3d 742, 754 (Pa. 2024) (internal citations and quotation marks omitted, emphases added). In so holding, the ***Ivy Hill*** court

- 4 -

emphasized the reviewing court's focus should be on exceptional circumstances (*i.e.*, whether there had been a change in law or in the facts) and not on the procedural posture of the case below. ***See id***. at 758-59.

Emory argues the trial court's decision granting Appellees' motion *in limine* and granting summary judgment violated the coordinate jurisdiction rule. ***See id***. at 17-22. Specifically, Emory argues in denying summary judgment, the motions judge rejected the argument that the lack of an expert on standard of care was fatal to Emory's case. ***See*** Emory's Brief at 19. Emory further asserts Appellees "did not present any new facts or evidence which would have permitted the second [] judge to disturb the prior ruling of the first [] judge, a court of coordinate jurisdiction." ***Id***. Emory also notes Appellees "do not assert that there was any substantive change in the relevant legal authority between the time the first [judge] ruled on their original motion for summary judgment and the time the second [judge] revisited the issue. ***See id***.

In its less-than-two-page 1925(a) opinion, the trial court confusingly states:

> [Emory] argued the motion [*in limine*] on the merits and did not argue *res judicata* or the coordinate jurisdiction rule, thus waiving the ability to make such arguments later. Because [Emory] could not prove his case without arguing *res ipsa loquitur*, the Court then granted Appellee's renewed motion for summary judgment and dismissed the case. . . .
>
> Generally, "judges of coordinate jurisdiction siting [sic] in the same case should not overrule each others' decisions."

> ***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995).
> However, one exception to this rule is where "there has been an
> intervening change in the controlling law." ***Id***. at 1332.
>
> Here, the controlling law had changed, because now
> [Emory] could no longer argue *res ipsa loquitur*. As such, he had
> no ability to prove that Appellees had breached a duty and were
> negligent. Summary judgment was therefore warranted.

Trial Court Opinion, 7/31/24, at 1-2 (footnote added).

Initially, the trial court's statement that Emory argued the merits of the motion in his motion to strike is incorrect. As noted above, Emory filed a motion to strike, correctly stating Appellees' motion *in limine* was not timely filed.[2] Appellees did not file their motion *in limine* until February 20, 2024. Despite this, the trial court did not address Emory's timeliness argument. While it might have been prudent for Emory to have also addressed the merits of Appellees' argument, and advise the court of its coordinate jurisdiction argument, we decline to find waiver where, as here, Emory properly filed a motion to strike an untimely motion, and the trial court failed to address a meritorious timeliness issue.

Further, we find the trial court's reasoning for granting the motions *in limine* and summary judgment legally unsupportable. In a recent decision

---

[2] Appellees failed to comply with the trial court's scheduling order requiring such motions be filed at least thirty days prior to jury selection nor did they move for leave to file the motion *nunc pro tunc*. ***See*** Motion to Strike, 3/13/24, at 1-3 (unnumbered); Pre-Trial Order, 1/12/24, at 1 ¶ 6 (scheduling trial for March 14, 2024, and stating all motions *in limine* were to be filed 30 days prior to jury selection).

relying on ***Ivy Hill***, ***Constantine v. Lenox Instrument Co., Inc.***, 323 A.3d 1281 (Pa. Super. 2024), this Court decided a case which is procedurally all but identical to the instant matter.

In ***Constantine***, one of the defendants sought summary judgment on the basis that plaintiff had failed to pierce the corporate veil; the assigned judge denied defendant's motion. ***See id***. at 1284-85. The case was subsequently transferred to a different judge and the defendant who had advanced the corporate veil argument via summary judgment, then filed a motion *in limine* seeking to "preclude any reference, argument, inference or mention" of the corporate veil. ***See id***. at 1285 (capitalization regularized). The new judge granted the motion, leading to dismissal of that defendant from the case, the case then proceeded to a plaintiff's verdict in front of a third judge. ***See id***. at 1286.

Plaintiff appealed, arguing the grant of the motion *in limine* by the second judge violated the coordinate jurisdiction rule. ***See id***. at 1287. This Court agreed, stating:

> [a]s a preliminary matter, we agree with [plaintiff's] position that the corporate veil motion decided by [the second judge] was a second motion for summary judgment. . . .
>
> [Defendant's] corporate veil motion was styled as a motion *in limine*, but the grounds in the motion only nominally related to the admissibility of [plaintiff's] evidence. ***The content of the motion, and not its title, is what matters for present purposes***.

Generally speaking, motions *in limine* are used to preclude the presentation of evidence that a party considers inadmissible or prejudicial. *See Parr v. Ford Motor Co.*, 109 A.3d 682, 690 (Pa. Super. 2014) ("A motion in limine is used before trial to obtain a ruling on the admissibility of evidence."). By contrast, motions for summary judgment are dispositive motions meant to test pre-trial the sufficiency of the evidence based upon an assertion that there are no material facts in dispute on a claim. *See Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1042 (Pa. 1996) ("We have a summary judgment rule in this Commonwealth in order to dispense with a trial of a case (or, in some matters, issues in a case) where a party lacks the beginnings of evidence to establish or contest a material issue.").

In substance, [defendant's] corporate veil motion was clearly an attempt to have [the second judge] revisit whether summary judgment should be granted. The reasons given by [the second court] for granting summary judgment had nothing to do with the admissibility of [plaintiff's] evidence. They focused solely on the sufficiency of the evidence supporting [plaintiff's] attempt to pierce the corporate veil, just as [the first court] did. It follows that [the second court's] order may only be upheld if it was justified by "exceptional circumstances" . . . *i.e.*, a substantial change in the facts and evidence which would lead to a manifest injustice.

We find that such exceptional circumstances did not justify the order granting the corporate veil motion because [defendant] did not put forth substantially different evidence than what was before [the first judge] at the time the first summary judgment motion was denied. That is, the material questions of fact that existed when [the first judge] presided were not later resolved as a matter of law in [defendant's] favor by a material change of facts or evidence.

∗ ∗ ∗ ∗ ∗

By deciding an identical issue based on identical evidence, [the second judge] overturned the prior ruling of another judge who had presided on the case, in the absence of a substantial change in law, facts, or evidence. This violated the coordinate jurisdiction rule, and to remedy that violation, the order on review must be vacated. *See e.g.*, *Campbell v. Attanasio*, 862 A.2d

> 1282, 1286-87 (Pa. Super. 2004) (holding that the coordinate jurisdiction rule was violated because a party's motion *in limine* and motion for summary judgment raised the same issue, and cited the same evidence, and there was no indication that the successor judge relied on additional facts); *see also Rellick-Smith v. Rellick*, 261 A.3d 506, 518-19 (Pa. 2021) (holding that coordinate jurisdiction rule precluded successor trial judge from overruling prior judge's finding that a statute of limitations defense had been waived, as the legal issue and evidence before both judges were identical).

*Id*. at 1288-90 (Stabile, J.) (footnote and record citation omitted, citation format and capitalization regularized, emphasis added).

There is no substantive difference between **Constantine** and the present action concerning the application of the rule of coordinate jurisdiction. As in **Constantine**, Appellees restyled their initial motion for summary judgment and presented the same law, facts, and evidence a second time, seeking and obtaining a different result. The trial court fails to cite any exceptional circumstances justifying its decision. Therefore, it violated the coordinate jurisdiction rule, and we are constrained to vacate its order granting Appellees' motion *in limine* and summary judgment and remand the matter for trial.[3]

Order vacated. Case remanded. Jurisdiction relinquished.

---

[3] In so ruling, we have no occasion to assess the correctness of the initial ruling on Appellees' motion for summary judgment, or on the viability of Emory's *res ipsa loquitor* theory of the case. Nor does this decision foreclose Appellees from moving for either a compulsory nonsuit or a directed verdict if the evidence so warrants.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/16/2025