David E. ROBBINS, Petitioner

v.

INSURANCE DEPARTMENT,
Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2010.

Decided Dec. 3, 2010.

David E. Robbins, petitioner, pro se.

Zella Smith Anderson, Department Counsel, Harrisburg, for respondent.

Audrey J. Copeland, King of Prussia, for intervenor, USAA Casualty Insurance Company.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

David E. Robbins (Petitioner) petitions this court for review of a September 21, 2009 decision of the Insurance Commissioner (Commissioner), which affirmed the decision of the Insurance Department (Department) which held that USAA Casualty Insurance's (USAA) refusal to write an automobile insurance policy for Petitioner did not violate Sections 2001–2013 of the Act commonly known as "Act 68", Act of May 17, 1921, P.L. 682, *as amended,* added by Section 1 of the Act of June 17, 1998, P.L. 464, 40 P.S. §§ 991.2001–991.2013. We affirm.

USAA is a Texas domiciled reciprocal insurance company providing insurance to active, retired and separated military personnel and their dependents. Because membership in that class is a prerequisite to obtaining a policy, non-members are not eligible to receive a USAA policy on the voluntary market. USAA, as a condition of doing business in Pennsylvania, however, is also required to write policies for individuals through the Pennsylvania Assigned Risk Plan (Plan).

In 1991, the Plan assigned Ms. Gilla Mendels, Petitioner's future wife, to USAA and the company provided coverage to her. In 1994, Ms. Mendels married Petitioner. Her policy (a.k.a. Gilla Robbins) was amended to add Petitioner as a named insured by USAA. Petitioner owned one vehicle in his own name. Petitioner presented USAA bills and documents for 2007 which contained both Petitioner's and Ms. Mendels' name. Petitioner further stated that he was covered by USAA for over ten years and paid the premiums to USAA throughout that time. In 2008, Ms. Mendels and Petitioner separated. USAA's policy does not cover a non-resident spouse. USAA removed Petitioner from Ms. Mendels' policy. Petitioner requested insurance coverage from USAA but the company refused to write a policy for him, as he did not meet the membership requirements.[1]

Petitioner requested that the Department's Bureau of Consumer Services review USAA's actions. Petitioner contended that USAA cancelled his automobile insurance coverage and did not offer any written notice to him. USAA contended that Petitioner was not the policyholder, as his coverage arose from his wife's original assigned risk policy. After investigating the matter, the Department issued an investigative report holding that USAA's actions complied with Act 68, which governs the issuance and termination of automobile insurance policies. Petitioner appealed the Department's determination and requested an administrative hearing.

The Commissioner affirmed this ruling on August 20, 2009. It determined that Petitioner was never assigned to USAA by the Plan nor had he applied for a policy on his own through that system. It determined that, inasmuch as Petitioner's wife had added Petitioner to her policy, such action was not an issuance of a policy to Petitioner, but rather a modification of Ms. Mendels' policy. According to the Commissioner, "USAA did not terminate that policy but rather continues it in accordance with the law, Plan Rules and Insurance Department regulations. The policy was not canceled and [the] limitations on cancellation are irrelevant." Commissioner's opinion, August 20, 2009 at 8. Petitioner appealed to this court.[2]

Petitioner contends that the Commissioner erred in rejecting Petitioner's objection to evidence and materials presented by the insurance carrier's representative who was not licensed to practice law in Pennsylvania; in permitting USAA to avoid Act 68, which limits the permissible reasons for terminating a non-original insured's coverage and requires specific notice to non-original insureds, when insurer initially provided automobile insurance coverage to a person on an assigned risk basis and thereafter provided coverage to that person and her (then new) spouse for a period of over ten years and where the contract reflects both husband and wife as named insureds and the couple then separates and the USAA treats the spouse as requiring new insurance; and, where both spouses were identified as 'named insured' and the USAA treated one as not a direct insured and terminated the non-direct in-

---

1. There is no evidence in the record that Petitioner ever applied to the Assigned Risk Plan for other insurance coverage in his own name.

2. Our review of the Commissioner's adjudication is limited to determining if any constitutional rights were violated, any errors of law

were committed or if any "finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." 2 Pa.C.S. § 704; *Novak v. Pennsylvania Insurance Department*, 106 Pa. Cmwlth. 232, 525 A.2d 1258 (1987).

sured without meeting the notice and other provisions of Act 68.

■ Initially, Petitioner argues that the Commissioner erred in rejecting Petitioner's objections to evidence and materials presented by USAA's representative who was not licensed to practice law in Pennsylvania.

■ At the opening of the December 3, 2008, hearing, presiding Officer Johnson acknowledged that Mr. Joy was present on behalf of USAA. Mr. Joy identified himself as Assistant Vice President and representative for USAA and his appearance is listed on the hearing notes as "Representative for the Insurer." R. at 54a. The docket sheet further reflects that Mr. Joy did not enter an appearance as counsel on behalf of USAA. R. at 1 a. Petitioner did not object to the presence of Mr. Joy at that time or at any point during the hearing. Had he done so, Officer Johnson could have addressed the objection in a timely fashion with both Mr. Joy and Petitioner. Mr. Joy could have clarified any misperceptions about his role, if necessary, and a factual record on the issue could have been created. "The administrative tribunal must be given the opportunity to correct its errors as early as possible. . . ." *Goods v. Pennsylvania Board of Probation and Parole*, 590 Pa. 132, 912 A.2d 226 (2006).

■ The Commissioner properly determined that Petitioner waived any issues as to the participation of Mr. Joy at the hearing, as Petitioner failed to object at the time of the hearing. A legal theory is waived when it is not timely raised before the administrative tribunal. *Dehus v. Un-*

*employment Compensation Board of Review*, 118 Pa.Cmwlth. 344, 545 A.2d 434 (1988).[3]

■ Next, Petitioner argues that where an insurer initially provides automobile insurance coverage to a person on an assigned risk basis and thereafter provides coverage to that person and her (then new) spouse for a period of over ten years and where documents of insurance reflects both husband and wife as "named insureds", that the couple's separation should not be treated by the insurer as a basis for treating the non-original insured as requiring new insurance and thus avoiding Act 68, which limits the permissible reasons for terminating the non-original insured's coverage and requires specific notice to non-original insureds.

■ The Commissioner properly affirmed the Department's determination that USAA's refusal to write an automobile insurance policy for Petitioner did not violate Act 68. The conduct of insurers in their cancellation of automobile insurance policies and in their underwriting decisions to refuse to write policies or to refuse to renew policies is regulated by Pennsylvania statute. *Beitler v. Department of Transportation*, 811 A.2d 30, 34 (Pa. Cmwlth.2002), *appeal denied*, 576 Pa. 714, 839 A.2d 353 (2003). In the present controversy, Petitioner's policy was never cancelled, thus none of Act 68's provisions regarding the termination or non-renewal of insurance policies are applicable.

This matter involves a "refusal to write," not a cancellation or termination of an insurance policy. USAA issued a policy to Ms. Mendels before she married Petitioner

---

**3.** We further note that companies are not required to appear through counsel at insurance department hearings. "[I]t is standard practice at Insurance Department hearings for a company to appear by representatives

other than attorneys." Commissioner's opinion at 6, n. 3. The hearing notice provides that "[e]ach party may appear with or without counsel. . . ." S.R. at 4b–5b.

and such policy was simply modified to remove Petitioner when he was no longer a resident spouse and the policy continued in Ms. Mendels' name. The policy was never cancelled. Ms. Mendels continues to renew the policy every six months and it remains in effect.

USAA, through Mr. Joy's testimony, set forth that Ms. Mendels contacted them in March of 2008 and indicated that she and Petitioner had separated, Petitioner was not a resident of the household and Ms. Mendels requested he be removed from her policy. R. at 64a–65a, 67a–68a. As USAA does not provide coverage to a non-resident spouse, it is "usual and customary" to remove a non-resident spouse operator from the policy. R. at 68a. The policy was modified effective April 15 and continued with Ms. Mendels as the sole insured under that policy. R. at 67a. Petitioner's status as a USAA insured was wholly dependent upon that of his wife, the policyholder. USAA's actions can only be characterized as a refusal to write a policy, not a termination or non-renewal because Ms. Mendels' policy is the only policy that ever existed. Thus, the requirements of Act 68 regarding the cancellation or termination of insurance policies are irrelevant and immaterial to this determination.

■ USAA did not violate Act 68. Section 2002 of Act 68 indicates that an insurer may refuse to write a policy or cancel it within the first 60 days for any reason not specifically prohibited.[4] Section 2003 of Act 68 lists specific reasons upon which an insurer may not base a decision to decline to issue a policy. Section 2003 provides in pertinent part as follows:

(a) An insurer may not cancel or refuse to write or renew a policy of automobile insurance for any of the following reasons:

(1) Age.

(2) Residence or operation of a motor vehicle in a specific geographic area.

\* \* \*

(8) Marital status. . . .

40 P.S. § 991.2003(a)(1), (2) and (8).

Petitioner did not meet USAA's eligibility requirements in the voluntary market. USAA is a "membership insurer" with membership open only to active, retired and separated military personnel and the dependents of those military personnel. Petitioner conceded that he did not meet such requirement. Nowhere in Section 2003(a) of Act 68, 40 P.S. § 991.2003(a), does it state that failure to meet membership eligibility guidelines is a prohibited reason for refusing to write a policy. USAA, therefore, was permitted to decline to write the policy for a reason that was not specifically prohibited by Section 2003(a) of Act 68. 40 P.S. § 991.2002(c)(3). USAA sustained its burden of showing that it fully complied with Act 68 regarding its refusal to issue a policy of insurance to Petitioner.

Further, USAA notified Petitioner in writing that it would not write a policy due to Petitioner's failure to meet USAA's eligibility requirements. Section 2008 of Act

---

4. Section 2002 of Act 68 entitled "Applicability" provides in pertinent part as follows:

(c) Nothing in this article shall apply:

\* \* \*

(3) To any policy of automobile insurance which has been in effect less than sixty (60) days, unless it is a renewal policy, except that no insurer shall decline to continue in force such a policy of automobile insurance on the basis of the grounds set forth in section 2003(a) and except that if an insurer cancels a policy of automobile insurance in the first sixty (60) days, the insurer shall supply the insured with a written statement of the reason for cancellation.

40 P.S. § 991.2002.

68 entitled "Request for Review" provides in pertinent part as follows:

(b) Any applicant for a policy who is refused a policy by an insurer shall be given a written notice of refusal to write by the insurer. The notice shall state the specific reason or reasons of the insurer for refusal to write a policy for the applicant....

40 P.S. § 991.2008.

■ Mr. Joy testified that Petitioner contacted USAA on March 20, 2008 and was advised that he would be given until April 15, 2008 before he was removed from the policy. Petitioner was also told to seek legal coverage. Mr. Joy further testified that information was obtained from Petitioner as to whether he was eligible for membership. Petitioner was not eligible for membership. Thus, USAA declined to take an application and issue him a policy. USAA takes telephone applications, not written applications. Therefore, Petitioner's quarrel that he never actually made an application to USAA is merely a matter of semantics. In response to Petitioner's inquiry and phone "application", USAA advised Petitioner by letter dated March 21, 2008, as follows:

Reference: Insurance Inquiry

Dear Mr. Robbins,

We appreciate your auto insurance inquiry.

At this time, we are unable to honor your request due to our eligibility requirements.

We based our decision on information you provided us during the application process.

**Appeal Process**

If you do not agree with the reason(s) stated above, you have the right to request that the Commissioner review the refusal. You must request the review within 30 days of receiving this notice.

You should contact a local agent for insurance.

If you have questions about this decision, please call us at **1–800–531–USAA (8722)**.

As shown above, USAA supplied Petitioner with written notice of a refusal to write by letter of March 21, 2008. Such letter indicates that he failed to meet the eligibility requirements. The Commissioner chose to believe USAA, as opposed to Petitioner, regarding the reason USAA declined to insure Petitioner. As factfinder, the Commissioner is free to accept or reject the testimony of any witness. *Seidman v. Insurance Commissioner of Commonwealth*, 110 Pa.Cmwlth. 401, 532 A.2d 917 (1987). The Commissioner found USAA's testimony more credible. Substantial evidence supports the Commissioner's determination that USAA did not violate Act 68 by declining to issue a policy to Petitioner.

■ Next, Petitioner asserts that he became a USAA policyholder or had a right to his wife's policy simply by virtue of marriage, by allegedly making premium payments, by the styling of his name on an insurance packet and/or insurance cards for 2007, by the styling of his name on a motor vehicle financial responsibility card, by the longevity of his coverage under his wife's policy and by his general expectations. The record reflects that there is only one USAA policy, one policy number and one policy holder, Ms. Mendels. USAA was assigned the risk to insure Ms. Mendels prior to her marriage to Petitioner. Ms. Mendels policy was modified or amended to add Petitioner as a spouse/operator upon their marriage, but she remained the policyholder. Any coverage Petitioner enjoyed was derived solely as a result of his status as Ms. Mendels' spouse.

■ Petitioner's issues relating to his alleged "named insured" status are waived as Petitioner did not raise them in his petition for review before this court. Issues not raised in the petition for review to this court are considered waived and will not be addressed on appeal. *McKay v. Workmen's Compensation Appeal Board (Osmolinski),* 688 A.2d 259, 263 (Pa. Cmwlth.1997).

■ Even if Petitioner did preserve this argument, it has no bearing on the disposition of this case. It does not change the fact that this was not a termination of the policy, but a refusal to write. Act 68 does not impose an obligation to keep an individual, listed as an insured or named insured, after a policyholder requests their removal from their policy. Nothing in Act 68 required USAA to continue to insure Petitioner. Act 68 is designed to regulate carriers' conduct with regard to policies of insurance, not individual insureds or named individuals on those policies of insurance. Petitioner was simply an insured operator; Ms. Mendels was the originator of the policy, which remained in effect after Petitioner was removed.

USAA introduced into evidence Ms. Mendels' application for insurance from 1991 and the re-application in 1992, which reflect her USAA policy number and indicate that USAA issued that policy to Ms. Mendels as an assigned risk prior to her marriage to Petitioner. Mr. Joy testified that when Ms. Mendels married Petitioner in 1994, Petitioner "was added as an operator at the time to the policy, but the policy remained in the name of Gilla Robbins." R. at 64a. Petitioner's status as a spouse operator was not equivalent to being a policyholder. All coverage was under one policy number, which was assigned to Ms. Mendels and it has not been terminated or cancelled. If USAA were to continue in-

suring Petitioner it would be on Ms. Mendels' policy and she would be financially responsible for the coverage.

Accordingly, we must affirm the decision of the Commissioner.

## ORDER

AND NOW, this 3rd day of December, 2010 the order of the Insurance Commissioner in the above-captioned matter is affirmed.