J-A27032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COLLEEN M. TRIMMER, Individually; COLLEEN M. TRIMMER, Personal Representative of the Estate of MARK P. TRIMMER, Deceased; DARION J. TRIMMER, a Minor, by Colleen M. Trimmer, Parent and Natural Guardian; and ANTHONY K. TRIMMER, a Minor, by Colleen M. Trimmer, Parent and Natural Guardian, | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, a Corporation, AND CARL G. STEVENS AND ANNE E. STEVENS, His Wife, | : : : : : : : | |
| Appellees | : : : | |
| v. | : : : | |
| AARON K. STEVENS, | : : : | |
| Appellee | : | No. 54 WDA 2014 |

Appeal from the Order entered on January 6, 2014
in the Court of Common Pleas of Allegheny County,
Civil Division, No. GD 12-012754

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 21, 2014**

Colleen M. Trimmer, individually and as the representative of the

Estate of Mark P. Trimmer, deceased; Darion J. Trimmer, a minor, by

Colleen M. Trimmer, parent and natural guardian; and Anthony K. Trimmer,

a minor, by Colleen M. Trimmer, parent and natural guardian (collectively "Appellants") appeal the Order granting Nationwide Mutual Insurance Company's (hereinafter "Nationwide") Motion for Summary Judgment. We affirm.

This case arises from a motor vehicle accident that occurred on June 5, 2011, when Aaron K. Stevens ("Stevens"), while operating a 2003 Hyundai Sonata ("Sonata"), caused the Sonata to collide into another vehicle in which Mark P. Trimmer ("Trimmer") was a passenger.[1] Trimmer sustained fatal injuries as a result of the collision.

The Sonata was owned by Stevens's brother, Corey Stevens ("Brother"), and was insured under a policy issued to Brother by Geico Insurance Company ("Geico") at the state mandated minimum insurance requirements ("the Geico policy").[2] At the time of the accident, both Stevens and Brother lived with their parents, Carl and Anne Stevens ("Parents"), in Parents' home.[3]

---

[1] The police report indicates that, immediately following the accident, police detected a strong odor of alcohol on Stevens, and Stevens admitted that he had been drinking. Police Incident Report, 6/5/11, at 3. A chemical breath test revealed that Stevens's blood alcohol level was 0.133%. *See id*.

[2] The limits of liability for bodily injury/death applicable to the Geico policy are $15,000 per person/$30,000 per occurrence.

[3] Geico determined that Stevens was an insured under the Geico policy on the basis that Stevens resided in Brother's household. Thereafter, Geico tendered its full policy limits, and is not a party to this action.

In July 2010, Parents purchased a new automobile insurance policy from Nationwide ("the Nationwide auto policy") to provide coverage for their 2002 Toyota Camry.[4] When the Nationwide auto policy was issued, it included an endorsement excluding Stevens as an insured under the policy while "operating any motor vehicle to which this policy applies" ("the excluded driver endorsement").[5] *See* Nationwide Auto Policy, Endorsement No. V-3283. The Nationwide auto policy was in effect at the time of the accident.

Following the accident, Appellants filed suit against Stevens for the death of Trimmer. Based on the excluded driver endorsement that excluded Stevens as an insured driver under the Nationwide auto policy, Nationwide denied coverage for the loss. Thereafter, Appellants filed a Complaint for Declaratory Judgment, seeking a declaration that Stevens was an insured driver under the Nationwide policies, and that Nationwide was obligated to

---

[4] The limits of liability for bodily injury/death applicable to the Nationwide auto policy are $300,000 per person/$300,000 per occurrence. Parents also purchased an excess/umbrella policy from Nationwide ("the Nationwide excess/umbrella policy"). The limits of liability for bodily injury/death applicable to the Nationwide excess/umbrella policy are $1,000,000 per occurrence. Appellants contend that the Nationwide excess/umbrella policy provides additional liability coverage to Stevens in excess of the $300,000 limits of the Nationwide auto policy.

[5] In 2009, prior to Parents' purchase of the Nationwide auto policy, Stevens was convicted of driving under the influence ("DUI"), and received a 90-day suspension of his driver' license. *See* Motor Vehicle Record, 7/19/10, at 1. Stevens's driving record reveals several other incidents, accidents and violations in the two years prior to the issuance of the Nationwide auto policy. *See id*.

extend coverage to Stevens for loss resulting from the accident. Following discovery, Nationwide filed a Motion for Summary Judgment, which the trial court granted. Appellants filed a timely Notice of Appeal.

On appeal, Appellants raise the following issues for our review:

1. Whether, when there exists genuine issues of material fact as to whether Nationwide refused to write [Parents' an] automobile policy with [] Stevens as a covered driver, the [trial] court erred in granting Nationwide's Motion for Summary Judgment[?]

2. Whether, when there exists genuine issues of material fact as to whether [] Stevens was a member of [Parents'] household or [Brother's] household, the [trial] court erred in granting Nationwide's Motion for Summary Judgment[?]

Appellants' Brief at 4 (issues renumbered for ease of disposition).

Our standard of review of the grant of a motion for summary judgment is well-settled:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

**Phillips v. Lock**, 86 A.3d 906, 912 (Pa. Super. 2014) (citation omitted).

In their first issue, Appellants argue that summary judgment was improperly granted because Nationwide's exclusion of Stevens from the Nationwide auto policy was not permissible under the Motor Vehicle Financial

- 4 -

Responsibility Law ("MVFRL"), 75 Pa.C.S.A. § 1701 *et seq*. Brief for

Appellants at 12. Specifically, Appellants point to section 1718(c), which

provides as follows:

(c) *Named driver exclusion.* An insurer or the first named insured may exclude any person or his personal representative from benefits under a policy enumerated in section 1711 or 1712 when any of the following apply:

(1) The person is excluded from coverage while operating a motor vehicle in accordance with the act of June 5, 1968 (P.L.140, No.78) [this act, formerly 40 P.S. § 1008.1, *et seq*., was repealed and replaced by 40 P.S. § 991.2001 *et seq*.], relating to the writing, cancellation of or refusal to renew policies of automobile insurance.

(2) The first named insured has requested that the person be excluded from coverage while operating a motor vehicle. This paragraph shall only apply if the excluded person is insured on another policy of motor vehicle liability insurance.

75 Pa.C.S.A. § 1718(c)(1), (2); **see also** Appellants' Brief at 12-13.

Appellants point to 40 P.S. § 991.2003(a), which pertains to issuance,

renewal, cancellation and refusal of automobile insurance, and contend that

"[n]one of the circumstances set forth in § 991.2003(a) would have given

Nationwide the right to refuse to write the [Nationwide auto] policy [under

section 1718(c)(1)] had [] Stevens been included as a covered driver."

Appellants' Brief at 13. Appellants contend that section 1718(c)(1) does not

apply to this dispute because the evidence supports a finding that

Nationwide did not exclude Stevens from coverage, pursuant to section

1718(c)(1); rather, Parents requested that Stevens be excluded from

coverage, thereby requiring us to analyze the propriety of Nationwide's exclusion of Stevens as an insured driver under section 1718(c)(2). *Id*.

Here, the record reflects that, in 2009, prior to Parents' purchase of the Nationwide auto policy, Stevens had been convicted of DUI and received a 90-day suspension of his driver's license. *See* Motor Vehicle Record, 7/19/10, at 1. The insurance agent who sold the Nationwide auto policy to Parents, Jeffrey Dougherty ("the insurance agent"), testified that after meeting with Carl Stevens, he ran basic information though the Nationwide quote computer program, which indicated that Parents did not qualify for insurance through Nationwide because Stevens could not be written as an insured due to his driving record. N.T., 7/9/13, at 13-17, 22. Thereafter, the insurance agent provided Parents with a quote for an auto policy through Nationwide that excluded Stevens.[6] *Id*. at 18. The insurance agent also advised Parents that auto coverage for Stevens could be obtained from a high-risk insurance company; however, the premium quote from a high-risk insurance company would be much higher. *Id*. at 19-20, 23-24. The agent testified that Parents' options were to either purchase a policy from Nationwide that excluded Stevens, or purchase a much more expensive policy that included Stevens as an insured from a high-risk insurance company. *Id*. at 20-21. According to the insurance agent, Parents elected

_____

[6] The quote also excluded Brother because he had his own insurance.

to purchase a policy from Nationwide that excluded Stevens as an insured driver. *Id*. at 24.

The agent's testimony is consistent with the testimony of Carl Stevens, who stated that, because of Stevens's driving record, Parents "would have either been denied insurance or it would have been exorbitantly expensive." N.T., 4/16/13, at 16. Carl Stevens stated several times that he could not remember the impetus behind the decision to exclude Stevens from the Nationwide auto policy, but indicated that it was either because coverage for Stevens was refused immediately or the premiums were too high. *Id*. at 17-18, 20.

Our review of the record discloses no genuine issue of material fact regarding Nationwide's refusal to issue to Parents an automobile policy which included Stevens as a covered driver. Rather, the record clearly discloses that Nationwide refused to insure Stevens due to his extensive driving record, including DUI. Having concluded that Nationwide refused to write a policy that included Stevens, the provisions of section 1718(c)(1) apply to this dispute. Nationwide's exclusion of Stevens is valid, therefore, if the requirements of section 1718(c)(1) are met, *i.e.*, Stevens must have been excluded in accordance with section 991.2003(a), relating to the writing of automobile insurance. *See Donegal Mut. Ins. Co. v. Fackler*, 835 A.2d 712, 718 (Pa. Super. 2003).

We disagree with Appellants' argument that section 991.2003(a) provides Nationwide no basis for refusing to insure Stevens. Section 991.2003(a) enumerates of list of reasons for which an insurer may *not* refuse to write a policy of insurance, including, *inter alia* age, residence, race, color, creed, national origin, ancestry, marital status, sex, lawful occupation, illness, disability, certain types of accidents. *See* 40 P.S. § 991.2003(a). An insurer may properly refuse to issue an insurance policy to a prospective insured under section 1718(c)(1) so long as the insurer's decision is not based on any of the reasons enumerated in section 991.2003(a). *See Robbins v. Ins. Dep't.*, 11 A.3d 1048, 1052 (Pa. Cmwlth. 2010) (stating that an insurer may properly decline to write a policy for a reason *not* enumerated in section 991.2003(a)).

Here, Appellants misapprehend the construction of section 991.2003(a), and have argued that Nationwide was not permitted to refuse to insure Stevens, because DUI was not an enumerated factor under that section. Appellants' Brief at 14. However, it is precisely because DUI was *not* an enumerated factor under section 991.2003(a) that Nationwide was entitled to refuse to issue automobile coverage to Stevens. Nowhere in section 991.2003(a) does it state that DUI is a prohibited reason for refusing to write a policy. Nationwide, therefore, was permitted to decline to write a policy to include Stevens based on his prior DUI. *See Robbins*, 11 A.3d at 1052.

The overarching public policy of the MVFRL is concern over the increasing cost of insurance premiums. *See Progressive N. Ins. Co. v. Schneck*, 813 A.2d 828, 831-32 (Pa. 2002). This public policy is exemplified by section 1718(c), which permits insurers to use policy exclusions in order to avoid covering someone with a bad driving record. *See id*. In excluding Stevens from coverage, Nationwide clearly recognized the risk associated with his driving Parents' insured vehicle, and sought to avoid liability for precisely the scenario that is the subject of this action. *See Fackler*, 835 A.2d at 717 (stating that insurer was entitled to exclude defendant from coverage under an automobile policy due to a prior DUI offense, and properly denied coverage under the policy when defendant, while DUI, was involved in an accident involving the insured vehicle). In return for Stevens's exclusion and the concomitant risk reduction, Parents paid a lower premium than they would have paid had they purchased insurance from a high-risk insurance company to include Stevens in their policy. This is consistent with the public policy associated with the MVFRL. *See id*.

Having determined that Nationwide properly declined to insure Stevens under section 1718(c)(1), we need not address Appellants' second argument regarding section 1718(c)(2). *See Fackler*, 835 A.2d at 718 (holding that, under 1718(c), the presence of either circumstance

enumerated in subsection (c)(1) or (c)(2) would justify a lawful exclusion pursuant to the MVFRL).

Because our review of the record, viewed in the light most favorable to Appellants, discloses no genuine issue of material fact, we discern no abuse of discretion by the trial court in granting summary judgment in favor of Nationwide.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014