J-A27008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN W. SIBLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BARR & MCGOGNEY, GLENN D. MCGOGNEY, ESQUIRE, GERALD M. BARR, ESQUIRE | |
| Appellee | No. 1523 EDA 2018 |

Appeal from the Order Entered April 19, 2018
In the Court of Common Pleas of Bucks County
Civil Division at No: 2011-07256

BEFORE:  STABILE, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:               **FILED JULY 9, 2021**

Appellant, John W. Sibley, appeals *pro se* from the April 19, 2018 order granting summary judgment in favor of Appellees, Barr & McGogney, Glenn D. McGogney, Esquire, and Gerald M. Barr, Esquire (collectively, "Appellees"). We reverse.

Appellant commenced this legal malpractice action by writ of summons on August 12, 2011, followed by a September 23, 2011 *pro se* complaint

_____

[*] Retired Senior Judge assigned to the Superior Court.

alleging two counts of legal malpractice against Appellees. The causes of action arose out of Appellant's retention, in 2001, of Appellee McGogney to represent Appellant in connection with a real estate settlement. The complaint alleges that McGogney failed to make various disbursements, resulting in a 2008 foreclosure action against Appellant and Appellant's eventual loss of his home.

On October 6, 2014, Appellee Barr[1] filed a motion for summary judgment alleging that two-year statute of limitations applicable to Appellant's tort causes of action[2] barred Appellant's claims. On November 30, 2015, the Honorable Ronald C. Nagle, sitting by designation after the recusal of the entire Bucks County Common Pleas Bench, granted Barr's motion. This Court quashed Appellant's appeal from that order, reasoning that the order did not dispose of all claims against all parties. *Sibley v. Barr*, 174 WDA 2016 (Pa. Super. 1/20/17) (unpublished memorandum).

After remand from this Court, the parties filed a series of competing motions, on which the trial court heard oral argument on September 8, 2017. On April 6, 2018, the trial court entered the order on appeal, granting summary judgment in favor of all Appellees and dismissing Appellant's complaint. In so doing, the trial court concluded that Appellant alleged malpractice claims sounding in tort, not contract, and that the two-year

---

[1] Appellee McGogney has had minimal participation in this action.

[2] 42 Pa.C.S.A. § 5524.

statute of limitations therefore barred his causes of action against all parties. The trial court also concluded that Appellant's amended complaint, filed on June 19, 2017 and expressly including a separate count of breach of contract, was a legal nullity because the law prohibits an amended complaint alleging a new cause of action for which the statute of limitations has expired. This timely appeal follows.

Appellant's *pro se* brief includes six questions presented. Appellant's *Pro Se* Brief at 34-35. In substance, the issue before us is whether the trial court correctly concluded that Appellant's legal malpractice causes of action in Appellant's original complaint sounded only in tort such that they were barred by the two-year statute of limitations. Because Appellant's *pro se* complaint alleged the existence of a contract, and because he argued before the trial court that he intended to raise a breach of contract action, we will reverse the summary judgment order, remand for further proceedings, and find no need to address the remainder of issues raised in Appellant's brief.

Summary judgment is appropriate "whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1). Entry of summary judgment presents a question of law for which our standard of review is *de novo,* and our scope of review is plenary. **City of Philadelphia v. Cumberland Cty. Bd. of Assessment Appeals**, 81 A.3d 24, 44 (Pa. 2013). We apply the same standard as the trial

court, examining the entire record in a light most favorable to the non-moving party and resolving all doubts against the moving party. **Donegal Mut. Ins. Co. v. Fackler**, 835 A.2d 712, 715 (Pa. Super. 2003), **appeal denied**, 857 A.2d 679 (Pa. 2004).

The trial court found that Appellant was aware of Appellees' alleged malpractice on March 19, 2009, at the latest.[3] Appellant does not challenge this finding. Appellant's writ of summons, filed August 11, 2011, does not meet the two-year time bar of § 5524 applicable to tort claims. On that basis, the trial court entered summary judgment. The question before us is whether Appellant's complaint sufficiently alleged grounds for a breach of contract action, such that it is timely under the four-year limitations period applicable to contract actions. 42 Pa.C.S.A. § 5524.

Legal malpractice causes of action may sound in contract or tort. **Wachovia Bank, N.A. v. Ferretti**, 935 A.2d 565, 570 (Pa. Super. 2007). The two-year limitations period will apply to a malpractice action sounding in negligence, whereas the four-year limitation period will apply to a malpractice action sounding in contract. **Id.** at 571. Appellant's complaint includes two

---

[3] Appellee asserts, incorrectly, that the trial court found that the statute of limitations began to run on June 30, 2007. Appellee's Brief at 24. The trial court's opinion states, "We have previously found that, at the very latest, [Appellant] was aware of [Appellee McGogney's] malpractice on March 9, 2009, which means that Sibley's right to sue for breach of contract expired on March 19, 2013." Trial Court Opinion, 6/19/18, at 20. For purposes of this appeal from an order entering summary judgment against Appellant, we rely on this finding. Should the parties revisit this issue on remand, we express no opinion as to the outcome.

- 4 -

counts. Both counts were tilted "Professional Malpractice Through Negligence, Recklessness, or Carelessness." Complaint, 9/23/11, at pp. 14-15. Nonetheless, the body of Appellant's *pro se* complaint alleged the existence of an attorney/client relationship supported by a retainer agreement:

> 60. Plaintiff John W. Sibley believes that the mere fact that the Defendants Glen D. McGogney, Esquire and Gerald M. Barr, Esquire have met the general principal of privity once their appearance was entered on May 13, 2008 on behalf of Plaintiff John W. Sibley and answered the Foreclosure Complaint to the Court, and demonstrated a specific undertaking by the Defendant Attorney McGogney to furnish professional legal services, therefore establishing an Attorney-Client relationship.

> 61. Defendants Glen D. McGogney, Esquire and Gerald M. Barr, Esquire agreed to represent the Plaintiff John W. Sibley pursuant to the Civil Partition Action, Sale and settlement of Real Property located at 721 Pulinski Road, Ivyland, Northampton Township, Bucks County, Pennsylvania on July 5, 2005 and the retainer agreement (in possession of the Defendants), express and/or implied, a breach of the implied duty of good faith and fair dealing.

> 62. Defendants Glenn D. McGogney, Esquire and Gerald M. Bar, Esquire, of the Law Firm of Barr and McGogney agreed to represent [Appellant] pursuant to the legal matter filed on March 27, 2008, the attorney for Earthstar Bank, Somach & Wester, by Denise L. Wester, Esquire had filed a Complaint Action in Mortgage Foreclosure and the retainer agreement (in possession of the Defendants), express and/or implied as a matter of law, a breach of the implied duty of good faith and fair dealing.

Appellant's *Pro Se* Complaint, 9/11/11, at ¶¶ 60-62. Citing these two paragraphs, Appellant argued to the trial court that his complaint sufficiently alleged a breach of contract cause of action. N.T. Hearing, 9/9/17, at 56-58.

- 5 -

Under Pennsylvania law, a client may bring both a contract action and a tort action against a professional. ***Fiorentino v. Rapoport,*** 693 A.2d 208, 213 (Pa. Super. 1997). "Every contract imposes a duty of good faith and fair dealing on the parties in the performance and the enforcement of the contract." ***Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.,*** 959 A.2d 438, 447-48 (Pa. Super. 2008), ***appeal denied***, 972 A.2d 522 (Pa. 2009) (citation omitted). "Where a duty of good faith arises, it arises under the law of contracts, not under the law of torts." ***Creeger Brick v. Mid-State Bank,*** 560 A.2d 151, 153 (Pa. Super. 1989) (**quoting *Am/PM Franchise Association v. Atlantic Richfield Co.,*** 542 A.2d 90, 94 (Pa. Super. 1988)). Hence, a breach of contract claim may properly be premised on an attorney's failure to fulfill his or her contractual duty to provide the agreed upon legal services in a manner consistent with the profession at large. ***Gorski v. Smith,*** 812 A.2d 683 (Pa. Super. 2002).

We now proceed to determine whether Appellant is correct in arguing that the original *pro se* complaint alleged sufficient facts to support a breach of contract cause of action. "A complaint must, at a minimum, set forth the facts upon which a cause of action is based." ***Burnside v. Abbot Lab.***, 505 A.2d 973, 980 (Pa. Super. 1985). "However, it is not necessary that a plaintiff identify the specific legal theory underlying the complaint." ***Id.*** This is so because Pennsylvania is a fact pleading state. ***Kusis v. Baldwin-Lima-Hamilton Corp.***, 319 A.2d 914 (Pa. Super. 1974). Thus, "a plaintiff is free

to proceed on any theory of liability on which the facts alleged in the complaint will support." *Id.* at 918.

The elements of a tort-based malpractice action, which Appellant expressly alleged, are: "(1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of harm to the plaintiff." *Ferretti*, 935 A.2d at 570-71. "An attorney will be deemed 'negligent' if he or she fails to possess and exercise that degree of knowledge, skill and care which would normally be exercised by members of the profession under the same or similar circumstances." *Fiorentino v. Rapoport*, 693 A.2d 208, 213 (Pa. Super. 1997), *appeal denied*, 701 A.2d 577 (Pa .1997).

A contract-based malpractice case is similar. "Generally speaking, for a plaintiff to successfully maintain a cause of action for breach of contract requires that the plaintiff establish: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. 2002). Thus, in a breach of contract malpractice action, the attorney's duty is set forth in the terms of the contract. *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993). "Of course, an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large." *Id.*

As applied to this case, the elements of both causes of action are similar.[4] Both causes of action require a showing of some basis for the attorney's duty—in this case the retainer agreement alleged in paragraphs 61 and 62 of Appellant's complaint as set forth above. In a negligence case, the attorney's negligence turns on whether the attorney exercised the requisite level of knowledge and skill appropriate to the circumstances. In a contract-based claim, per **Bailey**, an attorney has by implication agreed to provide services consistent with the profession at large.

The trial court summarized Appellant's allegations as follows:

> On September 11, 2001, [Appellant] engaged Defendant McGogney as his attorney to provide legal representation to [Appellant] in connection with a domestic relations matter between [Appellant] and his domestic partner […]. Acting as closing and/or escrow agent on behalf of [Appellant] in a real estate settlement related to the domestic relations matter, Defendant McGogney was allegedly responsible for disbursing monies to various parties and/or entities, which [Appellant] claims he failed to do ("Count I"). On June 30, 2007, [Appellant] began receiving demands from creditors for past due amounts, allegedly related to those disbursements. In 2008, McGogney also represented [Appellant] in a mortgage foreclosure action. Regarding the mortgage foreclosure action, [Appellant] alleges that he lost his home through foreclosure as a result of [Appellant] McGogney's negligence ("Count II").

---

[4] We observe that Appellee's brief argues gist of the action doctrine as an alternate basis for affirmance. Gist of the action doctrine bars plaintiffs from recasting contract claims as tort claims. **Knight v. Springfield Hyundai**, 81 A.3d 940, 950 (Pa. Super. 2013). The action will be construed as an action in tort where the contract is collateral to the wrong ascribed to the defendant. **Id.** Gist of the action doctrine is difficult to apply in this case where Appellant has alleged facts that may support both contract and tort claims. Accordingly, we do not believe gist of the action doctrine offers an alternate basis for affirmance in this case.

Trial Court Opinion, 6/19/18, at 2-3.

We conclude that the allegations of Appellees' mishandling of the real estate transaction and foreclosure action sufficiently allege breaches of duty under both a negligence or a contractual standard. Although not a model of clarity, largely due to Appellant's failure to set forth each cause of action in separate counts, *see* Pa.R.C.P. No. 1020(a), the averments of Appellant's complaint do set forth claims sounding in contract. Paragraphs 61 and 62 allege the existence of a retainer agreement and an implied duty and breach of good faith and fair dealing, language that is pertinent to causes of action sounding in contract. The complaint also adequately sets forth facts that Appellees failed to provide legal services consistent with the profession at large by, *inter alia*, agreeing to represent Appellant in a real estate closing and failing to make required disbursements all to Appellant's detriment. Regarding damages, Appellant alleges that Appellees' malpractice culminated in Appellant losing his home. Appellees do not dispute that the complaint adequately alleges damages. The trial court therefore was in error to grant summary judgment[5] in favor of Appellees and to dismiss entirely Appellant's

---

[5] We recognize that when opposing a motion for summary judgment an adverse party may not rely upon the mere allegations or denials in pleadings. **See** Pa.R.C.P. No. 1035.3. Here, after concluding that Appellant's tort claim was barred by the two-year statute of limitation, the trial court dismissed Appellant's argument that he also asserted a breach of contract claim finding that Appellant's complaint did not assert a cause of action sounding in contract. The court's decision in this regard was tantamount to deciding a motion for judgment on the pleadings. **See** Pa.R.C.P. No. 1034. Whether we decide this issue under our standard governing summary judgment motions

complaint based upon a two-year statute of limitations applicable to tort actions.

It appears the trial court erred in focusing primarily on the headings preceding Appellant's two counts of malpractice sounding in negligence. The relevant inquiry, however, is whether Appellant has set forth sufficient facts to support a cause of action for breach of contract. The trial court also looked to Rule 1020(a), which requires a plaintiff to plead each cause of action in a separate count. Without excusing Appellant's failure to set forth his causes of action in separate counts, we do not find Appellant's lack of compliance with Rule 1020 fatal. Were we to do so, we would run afoul of case law providing that a plaintiff is free to proceed on any theory of recovery the alleged facts will support. Said another way, Appellant's noncompliance with Rule 1020(a) is a defect of form rather than substance under the teaching of **Burnside** and **Kusis**.[6]

---

or that governing judgment on the pleadings, our holding remains the same, as the claims asserted by Appellant are not in dispute and the question presented is one of law. **See Vogel v. Berkley**, 511 A.2d 878 (Pa. Super. 1986)(in reviewing a court's decision granting judgment on the pleadings we determine if the action of the court was based on a clear error of law or whether there were facts disclosed by the pleading which should properly go to the jury).

[6] To this end, we note then-Justice Saylor's dissent in **Steiner**:

> Plaintiffs must bear in mind, however, both the prohibition against splitting of causes of action, **see** Pa.R.C.P. No. 1020(d), and the specific obligation to state each cause of action in a separate count where the intent is to pursue multiple causes of action, **see** Pa.R.C.P. No. 1020(a). Amendments to correct pleading defects

- 10 -

We further find Appellees' reliance on our Supreme Court's holding in **Steiner v. Markel**, 968 A.2d 1253 (Pa. 2009) that an appellate court may not *sua sponte* infer a cause of action not raised by a litigant at trial to be misplaced. There, as here, the plaintiffs asked the courts to construe their legal malpractice claim as sounding in contract so that they could avoid the two-year statute of limitations applicable to tort actions. The **Steiner** Court held that the plaintiffs in that case waived their right to argue that their complaint asserted a breach of contract cause of action. The plaintiffs alleged the elements of a malpractice action sounding in negligence. **Id.** at 1254-55. The defendant attorneys filed new matter alleging that the malpractice action was barred by the two-year limitations period. The trial court agreed and dismissed that cause of action. The trial court also denied the plaintiff's motion for reconsideration. Of note, the plaintiff's reconsideration motion did not argue that the malpractice action sounded in contract (plaintiff relied on a tolling argument). Similarly, on appeal, the plaintiff's Pa.R.A.P. 1925(b) statement relied on a tolling argument. **Id.** at 1255-56. Nonetheless, this

---

(such as a failure to identify multiple causes of action) are to be liberally allowed in the interests of justice. **See** Pa.R.C.P. No. 126. Where, however, the amendment pertains to the addition of a cause, timing is a relevant issue (since, as in the present case, statutes of limitations may come into play). **See Ash v. Continental Ins. Co.,** […] 932 A.2d 877, 879 (Pa. 2007) (explaining that "an amendment introducing a new cause of action will not be permitted after the statute of limitations has expired").

**Steiner**, 968 A.2d at 1261-62 (Saylor, J. dissenting) (footnote omitted).

- 11 -

Court held *sua sponte* that the plaintiff raised a timely malpractice action sounding in breach of contract. *Id.* at 1256. Our Supreme Court held that this Court erred insofar as it decided *sua sponte* to "search within a complaint to find a cause of action that the plaintiffs never argued was present in the complaint." *Id.*

**Steiner** is clearly distinguishable from the present case. Unlike the plaintiff in **Steiner,** Appellant here **has** argued before the trial court and this Court that his original *pro se* complaint, while admittedly not a model of clarity, alleged a breach of contract cause of action. **Steiner** clearly is no bar to the result we reach in this case, as we do not act *sua sponte* to discover viable causes of action within Appellant's complaint.

Finally, we note Appellee's argument that the trial court's entry of summary judgment is supported by Appellant's failure to procure expert testimony. As noted above, summary judgment is appropriate where "there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1). The trial court entered summary judgment solely based on the statute of limitations issue. Appellee's brief criticizes Appellant for failure to procure expert testimony, but seemingly concedes that a triable issue of fact would arise if Appellant did so. Indeed, the trial court in its opinion states that Appellee McGogney "clearly committed

malpractice." Trial Court Opinion, 6/19/18, at 14. In this context, we do not view this issue as a valid alternate basis for affirmance.

Given our conclusion that the allegations in Appellant's original *pro se* complaint adequately make out a breach of contract cause of action, we hold the trial court committed an error of law in applying the two-year statute of limitations applicable to torts. Further, because Appellant commenced this action within four years of March 19, 2009—the date on which the trial court held that Appellant was aware of the alleged malpractice, the trial court erred in granting summary judgment based on Appellee's statute of limitations defense. We therefore reverse the trial court's order and remand for further proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2021