J-S37017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JENN-CHING LUO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEE L. PRESTON AND ANDY MILLER | : | No. 1273 EDA 2023 |

Appeal from the Order Entered March 28, 2023
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-08328-TT

| | | |
|---|---|---|
| JENN-CHING LUO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEE L. PRESTON AND ANDY MILLER | : | No. 1275 EDA 2023 |

Appeal from the Order Entered March 28, 2023
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-08328-TT

| | | |
|---|---|---|
| JENN-CHING LUO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEE L. PRESTON AND ANDY MILLER | : | No. 1276 EDA 2023 |

Appeal from the Order Entered March 28, 2023
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-08328-TT

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 1, 2024**

Jenn-Ching Luo ("Luo") appeals from the orders granting summary judgment in favor of Lee R. Preston ("Preston") and Andy Miller ("Miller") (collectively, "Appellees") in Luo's trespass action. Luo also appeals from the trial court's denial of Luo's motion for entry of a default judgment.[1] We affirm.

The trial court described the underlying history as follows:

> [Luo] brought this action for trespass to land. [Preston] owns the property adjacent to [Luo's] property. [Miller] is a land surveyor hired by [Preston] to survey his property. [Luo] claims [] the survey pins installed by [Miller] were arbitrary and encroached on [Luo's] property. [Luo] also asserts [Preston's] deed is illegal as a previous owner in [Preston's] chain of title conveyed more property than was legally possessed. [Preston and Miller filed motions for summary judgment and Luo filed his responses. Luo also filed a motion for a default judgment.]

Trial Court Opinion Regarding Grant of Summary Judgment to Preston, 6/14/23, at 1 (unnecessary capitalization omitted).[2]

The trial court granted the motions for summary judgment and denied Luo's motion for a default judgment and implicitly denied his summary judgment motion by granting summary judgment to his party opponents. The

_____

[1] The trial court entered three separate orders on the same day, one granting Preston's motion for summary judgment, one granting Miller's motion for summary judgment, and one denying Luo's motion for a default judgment. Although the trial court filed the orders in a single action, Luo filed a separate notice of appeal from each order. This Court subsequently consolidated the appeals.

[2] Luo also filed a motion for summary judgment.

court explained it had previously informed Luo he would need to obtain the services of a land surveyor to prove his trespass claim and warned Luo his failure to do so could result in the dismissal of the action. **See id**. at 2. Despite this, Luo never obtained a survey[3] and the trial court concluded Luo would be unable to prove his trespass claim and granted summary judgment. **See id**.

This timely appeal followed. In response to the trial court's order, Luo filed three concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The two statements concerning the grants of summary judgment are substantially similar: each is six pages long and contains over twenty-five paragraphs. **See** Luo's Rule 1925(b) Statement with Respect to the Grant of Summary Judgment in Favor of Preston, 5/10/23, at 1-6; Luo's Rule 1925(b) Statement with Respect to the Grant of Summary Judgment in Favor of Miller, 5/11/23, at 1-6. Luo's Rule 1925(b) statement concerning the denial of his motion for a default judgment is three pages long and contains eighteen paragraphs. **See** Luo's Rule 1925(b) Statement with Respect to the Order Denying Luo's Motion for a Default Judgment, 5/11/23, at 1-3. The trial court subsequently issued three brief opinions explaining the bases for its

---

[3] The trial court noted, and the record supports its finding, that Luo obtained "a partial boundary plan," however, that plan did not support Luo's contentions and in fact showed Luo's driveway and shed were encroaching on Preston's property. **Id**. (unnecessary capitalization omitted).

rulings but not specifically addressing the claims raised in Luo's Rule 1925(b) statements. *See* Trial Court Opinion Regarding Grant of Summary Judgment to Preston, 6/14/23, at 1-2; Trial Court Opinion Regarding Grant of Summary Judgment to Miller, 6/14/23, at 1-2; Trial Court Opinion Regarding Denial of Luo's Motion for a Default Judgment, 6/14/23, at 1-2.

Luo raises the following issues for review:

1. [Preston and Miller's] summary judgment motions proceeded [*sic*] Pa.R.Civ.P. 1035.2(2). Whether a Rule 1035.2(2) motion should be denied when the motion fails to comply with the rule?

2. When [Appellees] failed to prove their Pa.R.Civ.P. 1035.2(2) motion, could the trial court *sua sponte* grant [Appellees] summary judgment by applying Pa.R.Civ.P. 1035.2(1) that [Appellees] never argued?

3. Even if we assume the trial court could *sua sponte* grant [Appellees] summary judgment by applying Pa.R.Civ.P. 1035.2(1), whether the trial court's factual findings proved there is no genuine dispute as to material facts?

4. Could the trial court refuse to comply with the federal Constitution and U.S. Supreme Court's holdings? Indeed, the answer is no. Further, when [Appellees] had caused further proceedings in a state of violating the due process clause, whether entry of default against the defendants is the only remedy?

5. Can th[e] court reverse the judgment in favor of [Luo] after a plenary review of the records, including [Luo's] summary judgment motion and [Appellees'] response thereto, even if the trial court docket did not have an order denying [Luo's] summary judgment motion?

Luo's Brief at 4-5 (unnecessary capitalization omitted, citation format altered).

Luo's first three and his fifth issues challenge the trial court's grant of summary judgment. This Court's standard of review requires we reverse a

grant of summary judgment only if the trial court commits an error of law or abuses its discretion. *See Truax v. Roulhac*, 126 A.3d 991, 996 (Pa. Super. 2015) (*en banc*). "In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court." *Caterpillar Financial Services Corp. v. Get 'Er Done Drilling, Inc.*, 286 A.3d 302, 305 (Pa. Super. 2022) (citation omitted). Further, we must examine the entire record. *See Donegal Mut. Ins. Co. v. Fackler*, 835 A.2d 712, 715 (Pa. Super. 2003).

It is well settled "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *See Truax*, 126 A.3d at 996 (internal citation and quotation marks omitted). "[A] record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense." *Olszewski v. Parry*, 283 A.3d 1257, 1263 (Pa. Super. 2022) (internal citation omitted) (italics added). A court must examine the factual record of a case in a light most favorable to the non-moving party. *See Brown v. City of Oil City*, 294 A.3d 413, 427 (Pa. 2023).

Luo's challenge to the denial of his motion for a default judgment implicates our Rules of Civil Procedure. *See Bank of New York Mellon v.*

***Johnson***, 121 A.3d 1056, 1059 (Pa. Super. 2015). Therefore, our standard of review is *de novo* and our scope of review is plenary. ***See id***. at 1060.

Prior to reaching the merits of Luo's claims, this Court must determine whether Luo preserved any issues for our review. ***See Bank of America, N.A. v. Scott***, 271 A.3d 897, 903 (Pa. Super. 2022) (holding appellate courts may *sua sponte* determine whether issues have been properly preserved on appeal). Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve him of the obligation to follow procedural rules. ***See Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). This Court has stated, "[R]ule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Brown v. End Zone Inc.***, 259 A.3d 473, 485 (Pa. Super. 2021) (citation omitted). Therefore, Rule 1925 requires, in pertinent part, the appellant "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "The Statement should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). While raising many assertions of error is not dispositive of non-compliance, the issues nonetheless must be "non-redundant, non-frivolous[, and] set forth in an appropriately concise manner" to preserve them for appeal. ***Id***.

Where an appellant refuses to comply with the letter and spirit of Rule 1925, overwhelming the trial court and subverting our ability to conduct meaningful review, the appellant waives all issues on appeal. ***See***, ***e.g***., ***Mahonski v. Engel***, 145 A.3d 175, 182 (Pa. Super. 2016) (holding where appellant raised over eighty claims of error the record supported the trial court's finding the "voluminous 1925(b) statements failed to set forth non-redundant, nonfrivolous issues in an appropriately concise manner"); ***Kanter v. Epstein***, 866 A.2d 394, 401 (Pa. Super. 2004) (holding where the appellants raised more than one hundred issues, they "deliberately circumvented the meaning and purpose of Rule 1925(b)" precluding appellate review).

As noted above, the trial court did not address the claims raised in Luo's 1925(b) statements in its opinions. Our review demonstrates Luo's 1925(b) statements are vague, lengthy, contain legal argument, and are digressive. ***See*** Luo's Rule 1925(b) Statement with Respect to the Grant of Summary Judgment in Favor of Preston, 5/10/23, at 1-6; Luo's Rule 1925(b) Statement with Respect to the Grant of Summary Judgment in Favor of Miller, 5/11/23, at 1-6; Luo's Rule 1925(b) Statement with Respect to the Order Denying Luo's Motion for a Default Judgment, 5/11/23, at 1-3. It is extremely difficult to determine from the prolix, jumbled statements what claims Luo seeks to raise on appeal. ***See id***. In sum, Luo's statements are lengthy, unfocused narratives, which are neither concise nor compliant with Pa.R.A.P. 1925(b)(4).

We also note Luo's 69-page appellate brief deviates substantially from the Pennsylvania Rules of Appellate Procedure. This Court has long held where an appellant's failure to comply with the briefing requirements of the Rules of Appellate Procedure unduly hampers our ability to conduct meaningful review, we may decline to conduct a review and instead dismiss the appeal. *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be . . . dismissed"); *see also* ***PHH Mortg. Corp. v. Powell***, 100 A.3d 611, 615 (Pa. Super. 2014) (noting this Court may quash or dismiss an appeal if there are substantial defects in the appellate brief).

Here, Luo's statement of the case is not a "closely condensed chronological statement. . . of all the facts which are necessary to be known in other to determine the points in controversy. . .." Pa.R.A.P. 2117(a)(4); *see* Luo's Brief at 5-21. Moreover, it includes argument, in direct contravention of the rule, and does not constitute a "a balanced presentation of the history of the proceedings." Pa.R.A.P. 2117(b); *see* Luo's Brief at 5-21. Further, Luo does not include a statement of the place of raising or preserving issues in his brief, in violation of Pa.R.A.P. 2117(c), Luo's summary of the argument does not comply with Pa.R.A.P. 2118 because it merely repeats some of the issues from his statement of questions involved, and, additionally, is not a summary of his subsequent argument. *See id*. at 21-22. Most important, Luo's argument, which is repetitive, vague, devoid of

context, and largely incomprehensible, does not comply with Pa.R.A.P. 2119(a), which provides "[t]he argument shall be divided into as many parts as there are questions to be argued." *See id*. at 22-60.

We have explained:

> The Rules of Appellate Procedure state unequivocally that *each question an appellant raise is to be supported by discussion and analysis of* <u>*pertinent authority*</u>. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant.

*Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (citations and quotation marks omitted; italics and underline emphasis added). Further,

> [w]hile this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note [an] appellant is not entitled to any particular advantage because []he lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

*Branch Banking & Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006) (citation omitted).

Here a review of Luo's voluminous argument section reveals his lack of understanding of our Rules of Civil and Appellate Procedure, the burden of proof in a trespass case, and the Due Process clause, which he seeks to invoke. *See* Luo's Brief at 22-69. Given these multiple violations of our appellate rules, it would be within our province to quash Luo's appeal. *See PHH Mortg.*

***Corp.***, 100 A.3d 615 (citation omitted). However, to the extent possible, we will endeavor to address Luo's issues.

In his first and fifth issues, Luo maintains Appellees failed to comply with Pa.R.Civ.P. 1035.2(2).[4] ***See*** Luo's Brief at 22-37; 66-69. Here, Luo was an adverse party to Appellees, and ***he*** bore the burden of proof at trial. This is an action in trespass, and "a trespass occurs when a person who is not privileged to do so intrudes upon land in possession of another, whether willfully or by mistake." ***Briggs v. Southwestern Energy Production Company***, 224 A.3d 334, 346 (Pa. 2020). "[P]laintiffs must allege the essential ***facts*** necessary to their trespass cause of action." ***See id***. at 351 (emphasis in original). In their motions for summary judgment, Appellees argued, in compliance with Pa.R.Civ.P. 1035.2(2), Luo could not prove they had intruded upon his land, because he failed to "obtain a survey or retain an expert surveyor." Preston's Motion for Summary Judgment, 1/30/23, at 5 (emphasis and unnecessary capitalization omitted); ***see also*** Miller's Motion

---

[4] Pennsylvania Rule of Civil Procedure 1035.2 provides in pertinent part that any party may move for summary judgement as a matter of law:

> if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.Civ.P. 1035.2(2).

for Summary Judgment, 2/15/23, at 10-11 (unnumbered). Luo did not provide such a survey, which was evidence of essential facts necessary to his cause of action. Thus, Appellees' motion for summary judgment complied with Pa.R.Civ.P. 1035.2(2).

Luo argues there is no blanket rule which requires a plaintiff in a trespass claim to "have a survey and a licensed surveyor for proof." Luo's Brief at 22. We agree there is no blanket rule requiring a licensed surveyor in all trespass cases would lead to absurd results because there are cases in which the ownership of land is not in dispute. However, where the dispute in a trespass case depends on the location of **boundary lines**, the need for expert testimony is manifest: "[t]he testimony of experienced surveyors, especially those familiar with the original monuments on the ground, is extremely valuable in establishing the location of boundary lines." **Haan v. Wells**, 103 A.3d 60, 71 (Pa. Super. 2014) (internal quotation marks and citations omitted).

The instant matter centers on a boundary dispute: Luo claims Appellees encroached upon his property. **See** Luo's Complaint, 10/25/21, at 4-5. Thus, expert testimony and a land survey was critical. **See id**. This Court has long held the failure to obtain an expert, when necessary, supports the grant of summary judgment pursuant to Pa.R.Civ.P. 1035.2(2). **See**, **e.g**. **Grandelli v. Methodist Hosp.**, 777 A.2d 1138, 1148 (Pa. Super. 2001) (affirming trial court's grant of summary judgment pursuant to Pa.R.Civ.P. 1035.2(2) where

- 11 -

plaintiff failed to obtain an expert report).  Thus, Luo has not shown Appellees' motions for summary judgment based on his failure to hire an expert and obtain a land survey violated Pa.R.Civ.P. 1035.2.

Having thoroughly scrutinized the record, we conclude Luo has not demonstrated the trial court either abused its discretion or committed an error of law in granting the summary judgment.  **See Truax**, 126 A.3d at 996.  The record clearly demonstrates Luo would have been unable to prove his case without a land survey, and the trial court informed Luo of this and warned him his failure to obtain such a survey could result in dismissal of his case.  **See** Trial Court Opinion Regarding Grant of Summary Judgment to Preston, 6/14/23, at 2.  Luo did not comply and did not proffer facts essential to his claim.  Luo's first and fifth issues do not merit relief.

In his second and third issues, Luo confusingly argues the trial court erred by "*sua sponte*" granting summary judgment.  Luo's Brief at 37-59.  Luo maintains Appellees sought summary judgment pursuant to Pa.R.Civ.P. 1035.2(2) and the trial court granted it pursuant to Pa.R.Civ.P. 1035.2(1). **See id**.

Luo's claim the trial court "*sua sponte*" granted summary judgment has no basis in fact.  As discussed above, both Appellees filed summary judgment motions, and each sought summary judgment because of Luo's failure to obtain a land survey and/or expert witness.  **See** Preston's Motion for Summary Judgment, 1/30/23, at 5; **see also** Miller's Motion for Summary

Judgment, 2/15/23, at 10-11 (unnumbered). The trial court granted summary judgment to both Preston and Miller precisely on that basis. *See* Trial Court Opinion Regarding Grant of Summary Judgment to Preston, 6/14/23, at 2; Trial Court Opinion Regarding Grant of Summary Judgment to Miller, 6/14/23, at 2.

The trial court's orders granting summary judgment make no mention of Pa.R.Civ.P. 1035.2(1) or indicate the trial court granted summary judgment because, in the language of that subsection, "there [was] no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.Civ.P. 1035.2(1); *see* Order Granting Summary Judgment to Preston, 3/28/23, at 1 n.1; Order Granting Summary Judgment to Miller, 3/28/23, at 1 n.1. Luo's second and third claims do not merit relief.

In his final remaining issue, Luo contends the trial court's denial of his motion for a default judgment violated his right to Due Process. *See* Luo's Brief at 59-66. To the extent we can decipher this claim, Luo argues Appellees failed to disclose their "surveying evidence," this alleged failure[5] entitled him

_____

[5] The record reflects Luo sought discovery from Miller in the form of a "copy of the 2021 survey property deed . . . surveying field data (including photos or other records)[.]" Luo's Request for Production of Documents, 3/15/22. Luo subsequently filed a motion to compel discovery. *See* Luo's Motion to Compel, 5/30/22, at 1-4. The trial court issued an order denying the motion as moot based upon Miller's attorney's representation he had provided all requested discovery to Luo. *See* Order, 6/14/22, at 1. Luo did not seek
*(Footnote Continued Next Page)*

to entry of a default judgment, and by denying this motion, the trial court violated Luo's constitutional rights. ***See*** Luo's Motion for a Default Judgment, 2/13/23, at 1-8; Luo's Brief at 59-66.

The Pennsylvania Rules of Civil Procedure provide, "[t]he prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time *a pleading to a complaint . . .*" Pa.R.Civ.P. 1037(b) (emphasis added). Here the record shows Appellees filed timely preliminary objections and, later, answers and new matter to Luo's complaint. Thus, he was not entitled to entry of a default judgment. ***See id***. If Luo believed Appellees had not complied with his discovery requests, he could have filed a second motion to compel discovery. He did not do so. We will not find a constitutional violation where a trial court denied an improperly filed motion for a default judgment. Luo's final issue does not merit relief.

For the reasons discussed above, we conclude Luo's appeal lacks merit. Accordingly, we affirm the grants of summary judgment and the denial of Luo's motion for a default judgment.

Orders affirmed.

---

reconsideration of the order, did not file any additional motions to compel discovery, and did not raise any other objections to any alleged discovery violations.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/1/2024</u>